[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
By writ, summons and complaint, dated, September 11, 2000, the plaintiff, Lee Ann Whitford is seeking a dissolution of her marriage to the defendant, Michael Whitford.
The court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, rules, determines and fashions its awards as follows:
The parties were married on May 8, 1999 in Newport, Rhode Island.
The parties have continuously resided in this state for at least a year prior to the date this complaint was filed.
There are no minor children issue of this marriage. No other children have been born to the plaintiff.
No governmental agency is contributing to the support of any party hereto. CT Page 9204
The marriage of the parties has broken down irretrievably.
The parties were living together prior to their marriage. The plaintiff became pregnant, after which the parties decided to marry.
Unfortunately, immediately after the marriage the plaintiff suffered a miscarriage. The defendant's reaction to the miscarriage was insensitive in that he stated that he did not want the child or the marriage.
The defendant was previously married and is the father of three children, issue of that marriage.
The plaintiff is a teacher employed by the Rocky Hill School System. The defendant is employed in the air-conditioning field. The plaintiff earns approximately $57,000 per year, the defendant, approximately $51,000 per year.
After the marriage the plaintiff with her own funds paid for much of the defendant's expenses including, clothing for his children from his prior marriage, food, condominium fees for that which he owned prior to this marriage and many of his utility bills.
The plaintiff also purchased, with her own funds, and paid all the expenses of the condominium presently in her name.
The plaintiff also paid for and maintained a twenty-five foot Sea-Ray boat which also stands in her name.
Evidently, the defendant, during the course of the marriage and sometime before, developed an attitude that he would do with his own money what he pleased and leave the paying of the household bills and expenses to the plaintiff.
The defendant produced no evidence that his withdrawals from his account went to the plaintiff as a contribution to the household bills and expenses.
The court finds the testimony of the plaintiff as to the disposal of the parties funds to be more credible than that of the defendant.
The court expressly finds that the defendant's actions and attitude was the cause of the breakdown of the marriage. He displayed an unacceptable degree of insensitivity to his wife's miscarriage shortly after the wedding, was cavalier about his financial obligations to the marriage and contributed little, if any, to the joint obligations of the parties' marriage. The defendant also was unfaithful to the plaintiff during the CT Page 9205 marriage.
The court has carefully considered the criteria and mandates of Gen. Stat. Sec. 46b-51 and in accordance therewith makes the following distribution and awards.
No alimony is awarded to either party.
The condominium standing in the plaintiff's name and all the household furnishings therein shall be the property of the plaintiff free and clear of all claims of the defendant. This award of personal property shall be subject to a stipulation, entered into by the parties at the close of trial, that the distribution of personal property be referred to Family Relations for mediation. Those items not claimed by the defendant shall not be subject to mediation and shall be the property of the plaintiff free and clear of all claims of the defendant.
The twenty-five foot Sea-Ray boat shall be the property of the plaintiff, free and clear of all claims of the defendant.
The wave runner, scooter and trailer and all accessories related thereto shall be the property of the defendant free and clear of all claims of the plaintiff.
The parties shall assume the liabilities for the debts shown on their respective financial affidavits and shall hold harmless the other from any liability therefore.
The parties shall own, free and clear of any claims of the other, all bank accounts, savings and investment plans, retirement accounts or annuity accounts listed on their respective financial affidavits.
A decree may enter dissolving the marriage, incorporating the aforesaid distributions and awards of the court and restoring to the plaintiff her birth name, Lee Ann Flynn.
SPALLONE JUDGE TRIAL REFEREE